**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELISEO JIMENEZ-ALVAREZ,

                Petitioner,

        v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.    21-70640

Agency No. A206-406-731

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2022**
Pasadena, California

Before:  FRIEDLAND and KOH, Circuit Judges, and KORMAN,*** District
Judge.

        Eliseo Jimenez-Alvarez ("Petitioner") petitions for review of an order of the

Board of Immigration Appeals ("BIA") dismissing an appeal from a decision of

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        ***        The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

the Immigration Judge ("IJ") denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We dismiss the petition in part and deny it in part.[1]

Petitioner contends that he will more likely than not face persecution on account of his membership in his family if he returns to Mexico. The IJ and BIA rejected this claim, reasoning that even assuming the Jimenez-Alvarez family were a cognizable social group, Petitioner had failed to demonstrate a clear probability of harm on account of his family membership. Substantial evidence supports that conclusion.[2] Petitioner bases his claim on the murders of two of his brothers in Mexico in 1989 and 1991. The first brother, a former police officer, was killed by gang members. The second brother was killed for refusing to engage in corruption while serving as auxiliary mayor of his hometown; it is unclear whether he was killed by the mayor or by police officers who worked for the mayor. Petitioner testified that people connected with each of these murders threatened to kill members of his family if the family pursued legal action against the killers. At least some of these threats appear to have continued to the present day.

---

[1] Petitioner's unopposed motion to submit this case on the briefs (Docket No. 29) is granted.

[2] Because we hold that this aspect of the BIA's reasoning is supported by substantial evidence, we need not address the BIA's conclusion, in the alternative, that Petitioner's family is not a cognizable "particular social group" under 8 U.S.C. § 1101(a)(42).

Nevertheless, Petitioner's mother and father have remained in Mexico for three decades since the threats began, and there is no evidence that they or any other members of the family have been harmed. The record thus does not compel the conclusion that Petitioner would more likely than not suffer persecution in Mexico on account of his family membership. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

Substantial evidence also supports the agency's determination that Petitioner is not eligible for CAT relief. To support his CAT claim, Petitioner relies on his brothers' murders and on generalized country reports about violence in Mexico. Petitioner's evidence does not compel the conclusion that he will more likely than not be tortured by or with the acquiescence of government officials if he returns to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico [that was] not particular to Petitioners [was] insufficient to meet [the CAT] standard").

Finally, we lack jurisdiction to review Petitioner's argument, raised for the first time in his petition for review, that the IJ lacked jurisdiction over his removal proceedings because the Notice to Appear omitted the time and date of the initial hearing. We therefore dismiss the petition to the extent it raises an unexhausted

challenge to the IJ's jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**Petition for review DISMISSED in part and DENIED in part.**